IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                    Plaintiff,<br>          v.<br><br>ACCENTCARE, INC.,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 3:24-cv-01646-RDM<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against Defendant AccentCare, Inc., alleging that Defendant violated Sections 703(a) and 704(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Sections 6(d)(1), 15(a)(2), and 15(a)(3) of the Equal Pay Act, 29 U.S.C. §§ 206(d)(1), 215(a)(2), 215(a)(3), by subjecting Charging Party Rachael McGeoy to sex-based pay discrimination and to retaliation for engaging in protected activity. AccentCare, Inc. denies that it engaged in conduct that violated any of the statutes referenced in the Complaint. The parties desire to resolve the Commission's actions without the time and expense of continued litigation, and to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the Equal Pay Act and Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, Title VII, and the Equal Pay Act. Therefore, upon due consideration of the record, it is ORDERED, ADJUDGED AND DECREED:

Scope of Decree

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this Equal Pay Act and Title VII action, which emanate from the Charge of Discrimination filed by Rachael McGeoy. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree. If Defendant has failed to meet the established terms at the end of two (2) years, the duration of the Decree may be extended.

3. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. At least twenty-one (21) days prior to making such motion the Commission will provide notice to Defendant of the claimed non-compliance, affording Defendant the opportunity to fully cure the alleged violation. However, no notice requirement or curative period shall apply in situations where the EEOC believes in good faith that violation(s) of the Decree have occurred for which any delay in judicial enforcement may result in irreparable harm. Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such compliance action, unless this Court should determine that shifting fees or costs is an appropriate sanction in such proceedings.

4.	This Decree, being entered with the consent of the parties, shall not constitute an adjudication or finding on the merits of the case.

5.	As used herein, "the Pottsville office" shall mean Defendant's location at 121 Progressive Avenue, Pottsville, Pennsylvania, and its operations based there.

## Relief to Rachael McGeoy

6.	Within ten (10) business days of entry of this Decree, Defendant shall pay Rachael McGeoy a total amount of $26,000.00, to be divided as follows: backpay in the amount of $12,160.00, interest in the amount of $2,025.89, and damages under 42 U.S.C. § 1981a in the amount of $11,814.11. From the back pay portion, Defendant shall administer proper withholdings for taxes and required employee contributions for FICA, including Medicare. For the interest and § 1981a damages portion, Defendant shall not withhold any deductions and Defendant's required employer contributions for FICA and Medicare are separate from, and shall not be deducted from, the portion of the payment representing interest and §1981a damages. Two checks will be sent directly to Rachael McGeoy, and a photocopy of the checks and related correspondence will be e-mailed to Trial Attorney Clare Horan at clare.horan@eeoc.gov. Defendant will issue to Rachael McGeoy a 2025 W-2 form for the back pay paid to her and IRS Form 1099 for the interest and § 1981a damages paid to her.

## Injunctive Relief

7.	For the duration of the Decree, Defendant, its officers, agents, employees and all persons acting or claiming to act on its behalf and interest hereby are enjoined from discriminating on the basis of sex with respect to wages and from retaliating against any individual for asserting his or her rights under Title VII or the Equal Pay Act.

8. Such sex-based discrimination violates the Equal Pay Act, including the following provisions:

> No employer . . . shall discriminate, within any establishment in which such employees are employed between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

> 29 U.S.C. § 206(d)(1).

9. Such sex-based discrimination violates Title VII, including the following provisions:

> It shall be an unlawful employment practice for an employer to . . . discrimination against any individual with respect to his compensation . . . because of such individual's . . . sex . . . .

> 42 U.S.C. § 2000e-2(a).

10. Such retaliation violates the Equal Pay Act and Title VII, including the following provisions:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

> 42 U.S.C. § 2000e-3(a) [Title VII].

> [I]t shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this subchapter, or has testified or is about to testify in any such proceeding . . . .

> 29 U.S.C. § 215(a)(3) [Equal Pay Act].

## Training

11.\. Within sixty (60) days from the date of entry of the Decree, Defendant shall provide at least two hours of live, interactive training (remote or in-person) to all of Defendant's managers and Human Resources officials who are assigned to Defendant's Pottsville office and/or are responsible for employees assigned to Defendant's Pottsville office, as well as any other persons involved in the following actions with respect to employees assigned to the Pottsville office: setting or changing employee wages or compensation and/or receiving or processing employee discrimination complaints or request of internal equity adjustments. The training shall address compliance with federal anti-discrimination laws, with a particular emphasis on the prohibition against sex discrimination with respect to wages and the prohibition against retaliation for engaging in protected activity. The training shall be conducted by an outside organization or law firm with expertise in anti-discrimination and pay equity, to be agreed to by the parties in advance of the filing of the Consent Decree.

12\. Within ten (10) business days after completion of the training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a copy of the training materials used, the date and time of the training, and a roster of all employees, including their job titles, in attendance.

13\. For the duration of the Decree, Defendant shall provide this same training to any individuals newly-hired or promoted into any position covered by the preceding paragraph within thirty (30) days of them being hired or promoted. This training may be pre-recorded from the initial training session. Defendant will maintain records identifying the name and job title of the employees receiving such training, the date of commencement of each such employee's position, and the date of training.

### Notice and Postings

14. Within ten (10) business days of entry of this Decree, Defendant will continue to post the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30.

15. Within fifteen (15) business days of entry of this Decree, Defendant will also post in all places where notices are customarily posted for employees in the Pottsville office, the Notice attached as Exhibit A. The Notice shall be posted and maintained for the duration of the Decree and shall be signed by the Defendant's Vice President with the date of actual posting shown. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same manner as specified above.

16. Within ten (10) business days of compliance with Paragraph 15, Defendant shall provide to the EEOC a copy of the signed Notice, written confirmation that the Notice has been posted, and a description of the location and date of the posting.

### Monitoring Provisions

17. On a semi-annual basis during the duration of this Decree, Defendant will submit to the Commission a list of all employees who have complained of or reported any alleged sex-based wage discrimination within Defendant's Pottsville office, or retaliation for complaints relating to the same. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; and a description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no complaints of alleged wage discrimination or retaliation were made, Defendant will confirm in writing to the EEOC that no such complaints were made.

18. In addition to the monitoring provisions set forth in this Decree, an EEOC attorney of record or other member of EEOC's Legal Department may monitor compliance during the duration of this Decree by reasonably requesting in writing copies of wage records of employees employed by Defendant at its Pottsville office at the time of the request. Upon fifteen (15) business days' written notice by the EEOC, Defendant will make available for inspection and copying certain of its wage records requested by EEOC pertaining to wages paid to Defendant's employees at its Pottsville office.

### EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

19. EEOC may be required to report the fact of this settlement to the Internal Revenue Service under Sections 162(f) and 6050X of the Internal Revenue Code (IRC) which allow for certain payments by employers to be deducted from the employer's taxes. If EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

   a. Within ten (10) business days of the signing of this agreement, Defendant agrees to provide to the EEOC 1) the Defendant's Employer Identification Number, and 2) the individual and physical address to whom EEOC should mail the copy of the Form 1098-F, if EEOC is required to issue one. This identified individual must be an employee of Defendant.

   b. EEOC has made no representations regrading whether the amount paid pursuant to this settlement qualifies for the deduction under the IRC.

   c. The provision of Form 1098-F by EEOC does not mean that the requirements to claim a deduction under the IRC have been met.

   d. Any decision about a deduction pursuant to the IRC will be made solely by the IRS with no input from EEOC.

   e. The parties are not acting in reliance on any representations made by EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the IRC.

20. All materials required by this Decree to be provided to the EEOC shall be sent by e-mail to Clare Horan at clare.horan@eeoc.gov.

21. The Commission and Defendant shall bear their own costs and attorneys' fees.

22. The undersigned counsel of record in the above-captioned action hereby consent to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

*[signature]*

Terri Imbarlina Patak (PA ID No. 65610)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Phone: (412) 394-3333
Email: terri.patak@ogletree.com

FOR PLAINTIFF:

/s/ Debra M. Lawrence
Debra M. Lawrence (MD Bar No. 04312)
Regional Attorney
Phone: (410) 801-6691
Email: debra.lawrence@eeoc.gov

/s/ Maria L. Morocco
Maria L. Morocco (DC Bar No. 489956)
Assistant Regional Attorney
phone: (202) 921-2795
E-mail: maria.morocco@eeoc.gov

*[signature]*

Clare J. Horan (MD Bar No. 2001060014)
Trial Attorney
Phone: (267) 589-9769
E-mail: clare.horan@eeoc.gov

U.S. EEOC
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107

**SO ORDERED.**

Signed and entered this 10th day of March, 2025.

_____
Honorable Robert D. Mariani
United States District Judge

# EXHIBIT A



# NOTICE TO ACCENTCARE, INC. EMPLOYEES

This Notice is being posted as part of the resolution of a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against AccentCare, Inc. ("AccentCare") in the United States District Court for the Middle District of Pennsylvania. (*EEOC v. AccentCare, Inc.*, Civil Action No. 3:24-cv-01646-RDM). The EEOC brought this action to enforce provisions of the Equal Pay Act and Title VII of the Civil Rights Act of 1964, which prohibit pay discrimination on the basis of sex and retaliation for reporting or opposing such discrimination. AccentCare. Inc. denies that it engaged in conduct that violated the Equal Pay Act and Title VII of the Civil Rights Act of 1964.

**AccentCare WILL conduct its hiring and employment practices without regard to the sex of an applicant or employee and ensure that all employees are compensated equally for performing equal work.**

**AccentCare WILL take all complaints of discrimination in the workplace seriously and address them appropriately.**

**AccentCare WILL NOT engage in any acts or practices made unlawful under the Equal Pay Act or Title VII, including retaliation against one who exercises his or her rights under the Equal Pay Act or Title VII.**

Employees or job applicants should feel free to report instances of discriminatory treatment to a supervisor or a manager [INSERT phone #], at any time. AccentCare has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly committing the discrimination.

Individuals are also free to make complaints of employment discrimination directly to the Philadelphia District Office of the EEOC, 801 Market Street, Suite 1000, Philadelphia, PA 19107 or by calling 866-669-4000/ TTY 800-669-6820. General information may also be obtained on the Internet at www.eeoc.gov.

_____                    _____
Date                                                                                  Vice President